IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

UNITED STATES OF AMERICA                                                                    PLAINTIFF

v.                                       Case No. 4:19-cr-00101 KGB

GREGORY BARNES                                                                              DEFENDANT

## ORDER

Before the Court is a motion for compassionate release filed *pro se* by defendant Gregory Barnes (Dkt. No. 62). Mr. Barnes requests that this Court grant him compassionate release because the number of COVID-19 cases at his facility is high and because he has high blood pressure (*Id.*, at 1). The government opposes Mr. Barnes's motion and contends that he has failed to exhaust his administrative rights to bring this motion (Dkt. No. 65, at 2). The government asserts that, even if Mr. Barnes could show that he did exhaust his administrative rights, compassionate release is not warranted in this case (*Id.*, at 2–4). For the following reasons, the Court denies without prejudice Mr. Barnes's motion (Dkt. No. 62).

I.     **Background**

Mr. Barnes was sentenced by this Court on May 11, 2021, to a term of 77 months in the Federal Bureau of Prisons ("BOP") to be followed by three years of supervised release (Dkt Nos. 51, 52). He pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Dkt. No. 42–44).

The government contends that, based on Mr. Barnes's allegations in his motion, Mr. Barnes failed to satisfy the exhaustion requirement applicable to his request before seeking relief from the Court (Dkt. No. 65, at 2). The government also contends that, due to Mr. Barnes's particular circumstances, compassionate release of Mr. Barnes by the Court is not warranted (*Id.*, at 2–4).

## II. Discussion

This Court's ability to modify a sentence, once the sentence has been imposed, is governed by 18 U.S.C. § 3582(c), which provides that the Court may not modify a term of imprisonment once it has been imposed except that:

(1) in any case—

    (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

        (i) extraordinary and compelling reasons warrant such a reduction; or

        (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and

    (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and

(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c). With these statutory provisions in mind, the Court turns to examine the

arguments advanced by Mr. Barnes.

### A. Relief Under The CARES Act

This Court has received release requests during the current pandemic that reference the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"), Pub. L. No. 116-136, 134 Stat. 281 (2020), and that reference what is often referred to as the "compassionate release" provision set forth in 18 U.S.C. § 3582(c)(1)(A). Mr. Barnes seeks compassionate release. As a result, the Court addresses that argument in this Order.

Section 12003 of the CARES Act presently and temporarily provides for expanded prisoner home confinement under the framework set out in 18 U.S.C. § 3624(c). *See* CARES Act, Pub. L. No. 116-136, § 12003, 134 Stat. 281, 515–17 (2020). The CARES Act places decision-making authority solely within the discretion of the Attorney General and the Director of the BOP. *See id.*; *accord* 18 U.S.C. § 3624(c)(2). Courts therefore do not have power to grant relief under Section 12003 of the CARES Act. To the extent Mr. Barnes seeks relief from this Court under the CARES Act, the Court denies his motion.

### B. Compassionate Release

"'[A] judgment of conviction that includes [a sentence of imprisonment] constitutes a final judgment' and may not be modified by a district court except in limited circumstances." *Dillon v. United States,* 560 U.S. 817, 825 (2010) (alterations in original) (quoting 18 U.S.C. § 3582(b)). Once a district court has pronounced sentence and the sentence becomes final, the district court may only reconsider or alter the sentence pursuant to statutory authority. *See United States v. Addonizio,* 442 U.S. 178, 189–90 (1979). The compassionate release provision permits a district court to modify a term of imprisonment after it is imposed. *See* 18 U.S.C. § 3582(c)(1)(A).

Until passage of the First Step Act, under the then-governing statute, only the BOP could seek from a district court compassionate release on behalf of an incarcerated federal defendant for extraordinary and compelling reasons. The First Step Act amended the statute to authorize defendants to seek compassionate release on their own behalf, provided that the defendant first asks the BOP to do so and exhausts administrative appeals following denial of this request by the BOP. *See* 18 U.S.C. § 3582(c)(1). Specifically, an inmate may seek a compassionate release directly from the sentencing court "after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility." 18 U.S.C. § 3582(c)(1)(A). The BOP may oppose a defendant's motion for compassionate release. The statute authorizes the district court to grant compassionate release, over the BOP's objection, under certain circumstances.

Although the First Step Act does not define the phrase "extraordinary and compelling," it defers to the United States Sentencing Guidelines, which does set out examples. The Court acknowledges that this list predates the COVID-19 outbreak. U.S.S.G § 1B1.13 cmt. n.1. The examples are: (1) the defendant's medical condition is such that he suffers from a "terminal illness" or the condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover"; (2) the defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less; (3) the defendant's family circumstances include either "(i) [t]he death or incapacitation of the caregiver of the defendant's minor child or minor children" or "(ii) [t]he incapacitation of the defendant's spouse or registered

4

partner when the defendant would be the only available caregiver for the spouse or registered partner." *Id.*

Mr. Barnes does not represent in his motion that, at the time of filing, he complied with the exhaustion requirement set forth in the compassionate release provision before petitioning this Court. *See* 18 U.S.C. § 3582(c)(1)(A). This functions as a mandatory claim-processing rule. *United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021). The Eighth Circuit Court of Appeals does not recognize equitable exceptions to its application, and unexhausted compassionate release motions must be dismissed as a result. *Id.*, at 1084–85. Accordingly, on the record before the Court, the Court denies without prejudice Mr. Barnes's motion and declines to address the merits of his request; the BOP might but is not required to address first the merits of a proper request before the Court does so. Mr. Barnes may refile his motion upon demonstrating that he has satisfied the exhaustion requirement set out in 18 U.S.C. § 3582(c)(1)(A).

### III.   Conclusion

For these reasons, the Court denies without prejudice Mr. Barnes's motion (Dkt. No. 62).

It is so ordered this 11th day of July, 2022.

*Kristine G. Baker*
Kristine G. Baker
United States District Judge